IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMBA SOUMARE,

                                                                    OPINION AND ORDER

                Petitioner,

                                                                  18-cv-1001-bbc

    v.

DANIEL WINKLESKI,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Samba Soumare has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a judgment of conviction entered on January 31, 2017 by the Circuit Court for Racine County, Wisconsin, for uttering a forgery and attempted theft, in Case No. 2017CF702. The petition is before this court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. See also 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief). After reviewing the petition and relevant state court records, I conclude that the petition must be dismissed because petitioner is raising a state law claim that cannot provide him federal habeas relief.

OPINION

Petitioner's convictions were based on his participation in a "black money scam," in which petitioner and two others attempted to fraudulently obtain money from a man by persuading him that stacks of banknote-sized black construction paper were actually United States currency that had been covered in black coating to avoid detection by authorities. Petitioner and his accomplices sought $10,000 to assist them in "washing off" the black coating. The man alerted police to the scheme, and they subsequently arrested petitioner and his accomplices. Petitioner was convicted after a jury trial of both uttering a forgery and attempted theft. He was sentenced to a total of four years of initial confinement and three years of extended supervision. He filed a direct appeal, but his convictions were upheld by the Wisconsin Court of Appeals.

In his federal habeas petition, petitioner challenges only his conviction for uttering a forgery. He contends that black construction paper cannot be considered a forged writing under Wisconsin's forgery statute, Wis. Stat. § 943.38, because it does not, on its face, look like genuine money. This is the same claim he raised unsuccessfully on his direct appeal. In particular, petitioner argued on his direct appeal that to qualify as a forgery under Wisconsin's forgery statute, the forged object must look genuine. He argued that because black construction paper does not look like money, it does count as a forged object or writing under the statute. The court of appeals rejected the argument, concluding that petitioner's interpretation of the statute was not supported by the

language of the statute or Wisconsin case law. State v. Soumare, 2017AP1267 (Wis. Ct. App. Mar. 14, 2018).

Petitioner cannot challenge the Wisconsin Court of Appeals' decision in a federal habeas petition because the decision was based on the court of appeals' interpretation of a state statute. A federal habeas court cannot correct errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Arnold v. Dittmann, 901 F.3d 830, 835 (7th Cir. 2018) ("[E]rrors of state law are not cognizable on habeas review."). Because petitioner has identified no basis for relief besides his claim that the state courts' interpreted the Wisconsin forgery statute too broadly, his petition must be dismissed.

The only matter remaining for discussion is whether to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

This petition should not proceed further. No reasonable jurist would disagree that

petitioner has identified only a state law error for which he cannot obtain habeas relief from the federal court  Therefore, petitioner is not entitled to a certificate of appealability.

ORDER

IT IS ORDERED that the federal habeas corpus petition filed by Samba Soumare is DENIED and this case is DISMISSED with prejudice.  A certificate of appealability is DENIED.  If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 21st day of February, 2019.

BY THE COURT:

_/s/_____
BARBARA B. CRABB
District Judge